Stephen G. Pongratz, Esq., SBN 131276
Eric D. Hitchcock, Esq., SBN 230630
Law Offices of Beyer, Pongratz & Rosen
3230 Ramos Circle
Sacramento, CA 95827
Telephone: (916) 369-9750
Fax: (916) 369-9760

Attorneys for Plaintiff
Keith Vanoncini

FILED
OCT 22 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH VANONCINI,

    Plaintiff,

v.

BAG KING, INC.,

    Defendant.

Case No. 2:12-cv-01673-JAM-CKD

STIPULATION OF DISMISSAL AND
[PROPOSED ORDER]
[FRCP 41(A)(1)(a)(II)]

**STIPULATION**

The parties, through the signatures of their counsel on this Stipulation, stipulate to dismiss this action with prejudice according to the terms of the Settlement Agreement attached hereto as Exhibit A, which the parties stipulate became effective on October 25, 2012.

Dated: November 1, 2012    BEYER, PONGRATZ AND ROSEN

/s/ Eric D. Hitchcock
ERIC D. HITCHCOCK
Attorneys for Plaintiff
KEITH VANONCINI

1  Dated: November 1, 2012          THE ISON LAW GROUP

                                    /s/   Elizabeth Ison  (as authorized on November 1, 2012)
                                    ELIZABETH ISON
                                    Attorneys for Defendant
                                    BAG KING, INC.

                                    [PROPOSED] ORDER

The Court has reviewed the Stipulation set forth above and the terms and conditions of the Settlement Agreement attached to this Order as Exhibit A and incorporated in this Order as if fully set forth herein. Accordingly,

1. This matter is dismissed with prejudice;

2. The dismissal is expressly conditioned on the terms and conditions of the Settlement Agreement attached to and incorporated into this Order;

3. The Court retains jurisdiction of this matter for the purposes of taking any action needed to enforce the terms of the attached Settlement Agreement, which is part of this Order; and

4. Each party is to bear its own attorneys fees and costs, as provided in the Settlement Agreement.

IT IS SO ORDERED.

DATED: October 22, 2014

JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("**Agreement**") is made between KEITH VANONCINI ("**VANONCINI**"), and BAG KING, INC., ("**BKI**"), and becomes effective as dictated in section 6 of this Agreement ("**Effective Date**"). Vanoncini and BKI may be referred to individually as a "Party"; collectively, the "Parties."

### RECITALS

WHEREAS, VANONCINI has commenced the matter of *Keith Vanoncini v. Bag King, Inc.* in the United States District Court, Eastern District of California, case number 2:12-CV-01673-JAM-CKD ("**Action**").

WHEREAS, BKI denies any wrongful conduct on behalf of BKI or by any of BKI's directors, officers, shareholders, employees, agents or representatives, or that VANONCINI has been damaged in any manner; and,

WHEREAS, BKI and VANONCINI, and in order to avoid further litigation, have negotiated a settlement of all claims among all named parties to the above-referenced matter.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

### AGREEMENT

1. <u>Consideration</u>. BKI agrees to pay VANONCINI the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) in consideration for his signing this Agreement. Upon receipt of this Agreement signed by VANONCINI, BKI will deliver a check made payable to Keith Vanoncini and his attorney, Eric Hitchcock, of Beyer, Pongratz & Rosen in the amount of Nine Thousand Dollars ($9,000.00). No later than ninety (90) days after the Effective Date as dictated in section 6, BKI shall deliver a second check in the amount of Three Thousand Five Hundred Dollars ($3,500.00) made payable to Keith Vanoncini and his attorney, Eric Hitchcock, of Beyer, Pongratz & Rosen for alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and/or other personal and physical injuries and sickness related to his employment with BKI.

2. VANONCINI agrees to indemnify and hold harmless BKI from any and all claims, demands, actions, judgments and causes of action, of whatever nature or character, by any governmental authority against BKI for such things as state taxes, federal income taxes, social security tax payments or any penalties, interest or fines associated with same and relating to the settlement payment required under this Agreement. This indemnity includes all reasonable and necessary costs, expert witness fees, and attorneys' fees incurred by BKI in defending any such claims, suits or demands. Except as otherwise stated herein, each Party hereto shall otherwise bear

its own attorneys' fees and costs and shall be responsible for its own tax liability or any tax consequences stemming from the settlement payment.

3.  **Sufficiency of Consideration.** The Parties specifically agree that the consideration payable to VANONCINI pursuant to section 1 is good and sufficient consideration for this Agreement.

4.  **Compromise and Settlement.** For and in consideration of the commitments made herein by BKI and VANONCINI, VANONCINI for himself, his heirs, successors, and assigns, does hereby completely release and forever discharge BKI, and Jeff Bernard, and each of BKI's past and present employees, officers, directors, shareholders, insurers, attorneys, members, agents and representatives, and its/their predecessors, successors and parent and affiliate corporations, including, but not limited to, BKI, and all the past and present employees, officers, directors, shareholders, insurers, attorneys, members, agents and representatives of any such predecessor, successor, parent or affiliate corporation (collectively referred to as "**Releasees**"), from all claims, rights, demands, actions, obligations, liabilities and causes of action made, to be made or which might have been made, of any and every kind, nature and character whatsoever, known or unknown, from the beginning of time through the Effective Date of this Agreement, whether based on a tort (including but not limited to negligent or intentional tort), contract (implied, oral or written), statutory violation or other theory of recovery, and whether for actual and compensatory or punitive damages and/or attorneys' fees and costs, including but not limited to: any and all claims asserted in or arising out of the subject matter of the Action; any and all claims VANONCINI may now have, has ever had, or may in the future have, arising from or in any way connected with his employment by BKI; and all claims under USERRA, the California and United States Constitution, California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act of 1967, Americans With Disabilities Act, California Labor Code and Wage Orders, Fair Labor Standards Act, California and Federal Pregnancy Discrimination Acts, California and Federal Equal Pay Acts, Family and Medical Leave Act, California Family Rights Act, the Employee Retirement Income Security Act and the California Business and Professions Code.

5.  VANONCINI further understands and acknowledges he has been paid all wages due and owing, including all accrued paid time off, including but not limited to accrued vacation. VANONCINI understands that if there is a good faith dispute over wages due and owing, he is waiving the same by signing this Agreement.

6.  **Effective Date.** This Agreement shall become effective immediately upon execution by all parties. VANONCINI shall provide BKI with an executed Notice of Dismissal, with Prejudice, of the Action. BKI agrees not to file the Dismissal with Prejudice until after BKI has released the settlement checks to VANONCINI and the settlement checks have cleared VANONCINI's attorney's trust account.

7.  **No Pending Claims.** VANONCINI represents that except for the Action, VANONCINI has not filed any complaints, claims or actions against Releasees and that if any agency or court assumes jurisdiction of any complaint, claim or action against Releasees on behalf of VANONCINI, VANONCINI will direct that agency or court to withdraw from and dismiss the matter with prejudice.

{00171456.1}                                  -2-

8. **Warranty of Non-Assignment.** VANONCINI specifically warrants that he has not assigned any claim, complaint, cause of action, right, demand, debt, obligation, damages or accounting to any person or entity and agrees to indemnify, defend, and hold harmless Releasees against any such assignment.

9. **Costs.** Except as otherwise set forth herein, the Parties agree that each Party shall be responsible for the payment of his/its own court costs, attorneys' fees, expert fees and all other expenses incurred in connection with the matters referred to in this Agreement, including the drafting and approval of this Agreement.

10. **Voluntariness.** All of the Parties represent that they have read this Agreement and have reviewed all aspects of the Agreement with their attorneys, that they are fully aware of its contents and of its legal effect, and that they are entering into this Agreement voluntarily.

11. **No Admission of Liability.** It is understood and agreed that this is a compromise of disputed claims, or potential disputed claims, and that the furnishing of the consideration for this Agreement shall not be deemed or construed as an admission of liability, misconduct or responsibility by Releasees at any time for any purpose. It is further agreed and understood that this compromise and Agreement are being entered into solely for the purpose of avoiding further expense and inconvenience from defending against any and all charges, complaints, and causes of action referred to herein. Releasees expressly deny liability for any and all charges, complaints, and causes of action referenced herein.

12. **Waiver of Civil Code Section 1542.** VANONCINI understands and expressly agrees that this Agreement extends to all of his claims against the Releasees or any of them, regardless of nature or kind, whether known or unknown, suspected or unsuspected, vested or contingent, past, present or future, arising from or attributable to any incident or event, occurring in whole or in part, on or before the date of VANONCINI's execution of this Agreement and that any and all rights granted under any state or federal law or regulation limiting the effect of this Agreement, including the provisions of Section 1542 of the California Civil Code, ARE HEREBY EXPRESSLY WAIVED. Section 1542 of the California Civil Code reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge of BKI and the Releasees, VANONCINI expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all claims which he does not know or suspect to exist in his favor at the time of execution hereof, and that this Agreement contemplates the extinguishment of any such claim or claims.

13. **Confidentiality.** With the exceptions of his immediate family, his tax advisor and legal counsel, and as may be required by law, neither VANONCINI, nor any person acting by, through, under or in concert with him, shall state and/or disclose that this matter has settled or the terms of this settlement to any individual or entity. VANONCINI is only authorized to state that "The matter has been resolved." If any other substantial disclosure is made, VANONCINI agrees that he shall reimburse BKI for all costs, including court costs and attorneys' fees, if any, incurred in establishing that such a disclosure was made. The parties further agree that it would be impractical and extremely difficult to affix the actual damages caused by an unauthorized disclosure. Therefore, pursuant to California Civil Code section 1671, the parties agree that, in addition to reimbursing BKI for all costs, including attorneys' fees, if any, incurred in establishing that such a disclosure was made, VANONCINI shall pay BKI the sum of Five Thousand Dollars ($5,000.00) as liquidated damages for each breach of this provision, which represents a fair estimate of the reasonable compensation for such a breach. To the extent VANONCINI is subpoenaed or otherwise receives notice of any purported obligation to disclose the terms of this Agreement, VANONCINI shall immediately notify BKI's Human Resources Manager or his or her successor by telephone and provide reasonable information/documentation requested.

14. **Defense.** This Agreement may be pleaded as a full and complete defense to, and may be used as a basis for an injunction against, any action of law, proceeding in equity, or any other judicial or non-judicial proceeding that VANONCINI may institute, prosecute, maintain, or continue to prosecute or maintain, in breach of this Agreement. In the event that VANONCINI commences any action against either or both of the Releasees which in any way relates to any claim, matter or thing released by VANONCINI or which seeks to set aside or void the terms of this Agreement, VANONCINI agrees to reimburse, indemnify and hold harmless Releasees for all costs and attorneys' fees expended by it or them in defense of the charge or lawsuit.

15. **No Representations.** The Parties acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statements made by the other Party or by the other Party's agents, attorneys or representatives with regard to the subject matter, basis or effect of this Agreement.

16. **Third Party Beneficiary.** This Agreement shall be binding on the Parties and their heirs, administrators, representatives, executors, successors and assigns, agents, officers and employees, and shall inure to the benefit of the Parties and each of them and to their heirs, administrators, representatives, executors, principals, parent companies, affiliates, subsidiaries, successors, assigns, agents, officers and employees.

17. **Severability.** Should any provision of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity or enforceability of the remaining parts, terms or provisions shall not be affected and the illegal, invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement.

18. **Entire Agreement.** This Agreement incorporates the entire understanding among the Parties, and recites the sole considerations for the promises exchanged herein. No amendment or modification of the terms of this Agreement shall be valid unless made in writing and signed by the Parties.

19. **Waiver of Breach.** A waiver by either Party of a breach of any provision of this Agreement shall not operate, or be construed, as a waiver of any subsequent breach by that same Party.

20. **Interpretation.** This Agreement shall be interpreted in accordance with the plain meaning of its terms. This Agreement shall not be construed against the drafter nor strictly construed for or against any of the Parties hereto. The section headings appearing in this Agreement are for purposes of easy reference and shall not be considered a part of this Agreement or in any way modify, amend or affect any provision. The Agreement shall not ever be subject to any claim of mistake of fact or mistake of law.

21. **Governing Law, Venue and Attorneys' Fees.** This Agreement shall be governed by and construed in accordance with the laws of the State of California, exclusive of its choice of law rules. Venue for any action to enforce this Agreement shall be in the state or federal courts for Sacramento County, California. In any such action, the prevailing Party shall be entitled to its attorneys' fees and court costs.

22. **Waiver of Future Employment.** Due to their irreconcilable differences, BKI no longer wishes to pursue any further employment relationship with VANONCINI. Therefore, by signing below, both parties agree that VANONCINI is not eligible for re-employment with any entity or organization affiliated with or owned by BKI.

23. **Counterparts Permitted.** This Agreement may be executed in one or more counterparts, each of which, when so executed, shall together constitute and be one and the same instrument.

SO AGREED:

Date: 22 OCT, 2012

_____
Keith Vanoncini

Date: 10-25, 2012

BAG KING, INC.

By: _____
Jeff Bernard, Owner